UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ACHEE HOLDINGS, L.L.C., } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. G-08-115 |
| } | |
| SILVER HILL FINANCIAL LLC, *et al*, } | |
| } | |
| Defendants. } | |

### **OPINION & ORDER**

Pending before the Court are Silver Hill Financial, LLC, ("Silver Hill") and Bayview Loan Servicing, LLC,'s ("Bayview") Motion to Dismiss (Doc. 3); Silver Hill and Bayview's Supplemental Motion to Dismiss (Doc. 4); Achee Holdings, LLC,'s ("Achee") Response to Motion to Dismiss (Doc. 8); and Silver Hill and Bayview's Reply to Response to Motion to Dismiss (Doc. 10.) For the reasons explained below, the Court GRANTS Silver Hill and Bayview's Motion to Dismiss (Doc. 3).

I.  **Background & Relevant Facts.**

This is a usury case. Before this Court is the issue of whether a prepayment penalty is usurious. On or about June 8, 2007, Achee executed an adjustable rate promissory note ("the Note"). Doc. 3 Exh. 1 at 2. Under the terms of the Note, Silver Hill lent Achee the principal sum of $280,000.00. *Id*. at 5. The loan was secured by a deed of trust on Achee's property in Galveston County, Texas. *Id*. at 6.

The Note provided that Achee faced two prepayment penalties if it sought to repay the principal of the loan before the end of a "Lockout Period," which extended for the first three years. Doc. 3 Exh. 1 at 8. Under 7(a) of the Note, the borrower would owe "the aggregate amount of interest which would have accrued on the unpaid principal balance of this Note from

the date of such Lockout Prepayment through the expiration date of the Lockout Period." *Id*. This "Lockout Fee" is what Achee now argues is an illegal demand because it is interest. Achee does not dispute the second penalty, under 7(b)(i) of the Note, which asks for a "Prepayment Consideration" that is "an amount equal to five percent . . . of the then outstanding unpaid principal balance of this Note." *Id*.

Several months after the Note was executed, within the Lockout Period, Achee sought to sell the secured property. Doc. 3 Exh. 1 at 2. The title company in charge of obtaining title insurance for the sale requested Silver Hill to provide a payoff amount. *Id*. Bayview, on behalf of Silver Hill, made the demand by letter on November 19, 2007. *Id*. The payoff amount requested was $389,355.85. *Id*. That figure comprised principal and interest due under the Note, plus the five percent Prepayment Consideration, as well as what the Bayview letter termed "Lockout Interest" of $92,083.81. *Id*. at 2-3. The Lockout Interest represented what the Note called a Lockout Fee.

Subsequently, on March 17, 2008, Achee filed a complaint in the 122nd Judicial District Court of Galveston, Texas. In their complaint, Achee alleged that Silver Hill's payoff amount included a demand for payment of interest, the Lockout Interest, that exceeded what was allowable under Texas law pursuant to Texas Finance Code § 305.006(b). On May 12, 2008, Silver Hill filed a Notice of Removal to this Court properly claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## II. <u>Legal Standard on Motion to Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

**III.   Discussion**

Achee's sole basis for its usury claim is premised on the assertion that the prepayment premium is interest. Accordingly, the Court limits its review to this single issue. Interest is defined under Texas law as "compensation for the use, forbearance or detention of money." Tex. Rev. Civ. Stat. Ann. art. 5069-1.01 (Vernon 1987). The essential elements of a usury transaction are (1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the

borrower. *Najarro v. Sasi Int'l, Ltd.*, 904 F.2d 1002, 1005 (5th Cir. 1990), *cert. denied*, 498 U.S. 1048 (1991); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982).

Under Texas law, a borrower has no right to prepay a loan in the absence of a contract permitting it. *2 Parker Plaza West Partners v. Unum Pension & Ins. Co.*, 941 F.2d 349, 352 (5th Cir. 1991); *Groseclose v. Rum*, 860 S.W.2d 554, 557 (Tex.App.--Dallas 1993, no writ); *Ware v. Traveler's Indem. Co.*, 604 S.W.2d 400, 401 (Tex.Civ.App.--San Antonio 1980, writ ref'd n.r.e.). Where the contract grants the borrower the right to prepay, a prepayment premium is not compensation for the use, forbearance, or detention of money, rather it is a charge for the option or privilege of prepayment. *Parker Plaza*, 941 F.2d at 352; *Hettig & Co. v. Union Mut. Life Ins. Co.*, 781 F.2d 1141, 1145 (5th Cir. 1986); *Bearden v. Tarrant Sav. Ass'n*, 643 S.W.2d 247, 249 (Tex.App.--Fort Worth 1982, writ ref'd n.r.e.); *Boyd v. Life Ins. Co. of the Southwest*, 546 S.W.2d 132, 133 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd). The rationale for this rule is that the borrower may avoid paying the prepayment premium by paying the note according to its terms.

This rule has been codified at Tex. Fin. Code § 306.005, which provides:

> With respect to a loan subject to this chapter, a creditor and an obligor may agree to a prepayment premium, make-whole premium, or similar fee or charge, whether payable in the event of voluntary prepayment, involuntary prepayment, acceleration of maturity, or other cause that involves premature termination of the loan, *and those amounts do not constitute interest*.

(emphasis added). As Achee and Silver Hill have agreed, pursuant to section 7(a) of the Note, that Silver Hill may demand the Lockout Fee, this amount does not constitute interest. Therefore, it cannot be usurious.

Achee argues that, because the Bayview letter characterized the Lockout Fee as Lockout Interest, it must, as a matter of law, constitute interest. For this contention,

Achee relies on *Coppedge v. Colonial Sav. & Loan Asso.*, 721 S.W.2d 933, 936 (Tex. App. Dallas 1986) where the lender asked for "back interest." As Achee concedes, and the court in *Coppedge* itself stated, the fact that the lender labeled the demand "interest" is not controlling. *Id*. Instead the Court in Coppedge looked at the substance of the transaction to determine whether the "back interest" was additional compensation for the loan. *Id*. This reasoning, as pointed out above, is inapplicable here because the Lockout Fee is not additional compensation for the loan but is consideration for the right of prepayment, as that right is within the power of the lender to grant. Unlike the lender in *Coppedge*, who made a unilateral demand for extra consideration, the Lockout Fee was agreed upon by the parties as a *sine qua non* for the right of prepayment.

In conclusion, the Lockout Fee or Lockout Interest, whatever the nomenclature, is not additional compensation for the loan, and, as such, is not interest. Without establishing that the demand is for interest, Achee's complaint of usury fails as a matter of law. The Court, therefore, grants Silver Hill's motion to dismiss.

**IV.     Conclusion**

Accordingly, it is hereby ORDERED that Silver Hill Financial, LLC, and Bayview Loan Servicing, LLC,'s Motion to Dismiss (Doc. 3) is GRANTED.

SIGNED at Houston, Texas, this 9th day of February, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE